**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4179**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL LEE WADE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Senior District Judge.  (2:20-cr-00014-JPJ-PMS-1)

Submitted:  March 11, 2022                                      Decided:  April 19, 2022

Before AGEE and DIAZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Juval O. Scott, Federal Public Defender, Charlottesville, Virginia, Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, S. Cagle Juhan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Lee Wade, Jr., appeals his 48-month sentence imposed after he pled guilty to being an inmate in possession of prohibited objects, in violation of 18 U.S.C. § 1791(a)(2), (d)(1)(B). Wade argues that the sentence, the result of an upward variance from the Sentencing Guidelines range established by the district court, is procedurally and substantively unreasonable. We affirm.

We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Id.* at 49-51.

Here, the district court properly calculated the Guidelines range of 27 to 33 months' imprisonment. Although Wade challenges the court's explanation for the chosen sentence as insufficient, the record shows that the court considered and engaged with both parties' arguments and based the sentence on a review of the 18 U.S.C. § 3353(a) factors, particularly Wade's criminal history, the seriousness of the offense, and the need to protect the public. We therefore conclude that Wade's sentence is procedurally reasonable.

If, as here, a sentence is free of "'significant procedural error,'" we review it for substantive reasonableness, "taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 51). "When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Arbaugh,* 951 F.3d 167, 176 (4th Cir. 2020) (cleaned up). "Applying this standard, we may reverse a sentence *only* if it is unreasonable, even if the sentence would not have been the choice of the appellate court." *United States v. McCain*, 974 F.3d 506, 518 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 142 S. Ct. 122 (2021).

"Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 687 (2020). "That said, district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors, and the fact that a variance sentence deviates, even significantly, from the Guidelines range does not alone render it presumptively unreasonable." *Id.* (cleaned up). "Instead, we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (internal quotation marks omitted).

Our review of the record confirms the substantive reasonableness of the decision to vary and the extent of the variance. The district court provided a thorough discussion of

3

the § 3553(a) factors and concluded that, in light of Wade's criminal history of weapons possession, the seriousness of the assault with the weapon possessed here, and the need to protect the public, an above-Guidelines-range sentence was necessary. We defer to the district court's determination that the § 3553(a) factors, taken as a whole, justified Wade's sentence. Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*